UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, AND
LABOR MANAGEMENT COOPERATION FUNDS,

                            Plaintiffs,

      -against-

DUNCAN PARTNERS, LLC,

                            Defendant.
----------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
1/13/2021 3:13 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
19-CV-4376 (JMA)(AYS)

**AZRACK, United States District Judge:**

    Pending before the Court is the motion of petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprentice and Labor Management Cooperation Funds ("Petitioners") to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the New England Regional Council of Carpenters, or a predecessor thereto, and Duncan Partners, LLC ("Respondent"). The record reflects that proper service was made on Respondent, (ECF No. 8), but no answer, motion, or other appearance was filed on behalf of Respondent.

### I.    DISCUSSION

**A.  Confirmation of the Arbitration Award**

    This is an action under the Employee Retirement Income Security Act ("ERISA"), the Labor Management Relations Act ("LMRA"), and the Federal Arbitration Act ("FAA") to confirm and enforce an arbitration award. Confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected." D.H. Blair & Co.

1

v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citing 9 U.S.C. § 9) (internal quotation marks omitted). As a result, "courts must grant an arbitrator's decision great deference." Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. HVH Enter. Corp., No. 13-CV-2769(JS)(ARL), 2014 WL 923350, at *4 (E.D.N.Y. Mar. 10, 2014) (citation omitted) (brackets omitted); see also Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council, 523 F. App'x 756, 760 (2d. Cir. 2013) (citation omitted). A court's review of an arbitration award pursuant to a collective bargaining agreement "is very limited." Major League Baseball Ass'n v. Garvey, 532 U.S. 504, 509 (2001). The arbitrator's reasoning for an award does not require an explanation, "and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair, 462 F.3d at 110 (internal quotation marks and citations omitted); see also A & G Coal Corp. v. Integrity Coal Sales, Inc., 565 F. App'x 41, 42 (2d Cir. 2014). Even though the Court may not have all of the material that the arbitrator's decision was based on, "the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the [a]ward." In re Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds, Nos. 13-6364, 14-325, 14-2893, 2015 WL 968125, at *7 (E.D.N.Y. Feb. 27, 2015), adopted by, 2015 WL 1247085 (E.D.N.Y. Mar. 18, 2015) and 2015 WL 1396475 (E.D.N.Y. Mar. 25, 2015) (citation omitted). Since a petition to confirm an arbitration award is generally accompanied by a record, the Second Circuit has instructed that the Court treat an unanswered petition "as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair, 462 F.3d at 109-10. Thus, the Court may decide the merits of a petition to confirm an arbitration award based solely on the petition and accompanying submissions. Id.

Based upon examination of the unanswered Petition and motion papers, I find that Petitioners have demonstrated that there are no genuine issues of material fact precluding summary judgment as to all portions of the arbitrator's award as the arbitrator's decision drew its essence from the collective bargaining agreement and provides more than "a barely colorable justification for the outcome reached." D.H. Blair, 462 F.3d at 110.

### B. Damages

Petitioners seek to (1) confirm the Arbitration Award, and (2) be awarded judgment against Respondents for $85,629.17 pursuant to the Arbitration Award. Based upon a review of the Petition, motion papers, declaration, and other documentary evidence, see Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Gregory, No. 14-CV-2900, 2015 WL 1611307, at *6 (E.D.N.Y. Apr. 10, 2015) (relying on petitioners' submissions to support confirmation of unanswered arbitration award and calculate damages), I find that Petitioners have established that the arbitrator's award of $85,629.17 should be confirmed, and attorneys' fees and costs in the amount of $1,485.00 should be awarded.

## II.   CONCLUSION

Based on the foregoing, the Court hereby confirms the Arbitration Award, and orders that Petitioners be awarded judgment against Respondent for $85,629.17 pursuant to the Arbitration Award and $1,485.00 in attorneys' fees and costs. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case. Petitioners shall serve a copy of this Order on Respondents and file proof of service on ECF within seven (7) days.

**SO ORDERED.**

Dated: January 13, 2021
      Central Islip, New York

                                        /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE